**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Christopher Michael Fiorentino,<br><br>        Defendant. | No. CR-20-00642-001-PHX-GMS<br><br>**ORDER** |

Pending before this Court is Defendant Christopher Fiorentino's Motion to Sever Counts (Doc. 91). For the following reasons, the motion is denied.

## BACKGROUND

On August 29, 2023, a grand jury returned a Superseding Indictment (Doc. 86) consisting of twenty-two counts against Defendant Fiorentino. In general, Counts 1–20 allege that Defendant violated several firearm regulations by possessing or dealing firearms, and making false statements during the purchase of a firearm. (*Id.* at 1.) Count 21 alleges Defendant evaded reporting requirements, and Count 22 involves wire fraud. (*Id.* at 2.) On September 14, 2023, Defendant filed a Motion to Sever Counts (Doc. 91).

## DISCUSION

I. **Rule 8(a)**

Federal Rule of Criminal Procedure 8(a) is "broadly construed in favor of initial joinder." *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007) (quoting *United States*

*v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1971)). Joinder of charges against a defendant is proper "if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). A court looks only to the indictment to determine if joinder is proper. *See Jawara*, 474 F.3d at 573 ("[T]he established rule in this circuit is that a valid basis for joinder should be discernible from the face of the indictment."). In determining whether offenses are of "the same or similar character," the Ninth Circuit employs a "holistic approach." *Id*. at 576, 578. This approach involves considering a list of factors to determine whether the indictment satisfies this prong, "such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims." *Id.* at 578.

In the indictment, Count 22 alleges that Defendant, on June 17, 2019, "opened five bank accounts with Wells Fargo Bank" and all funds in Defendant's accounts derived from firearm sales. (Doc. 86 at 7.) Additionally, Defendant applied for Pandemic Unemployment Assistance ("PUA") on June 8, 2020. (*Id.*) "Between June 9, 2020, and October 6, 2020, Defendant . . . received $19,200 in PUA Benefits. The PUA benefits were paid into his personal checking account ending in x4995 at Wells Fargo Bank." (*Id.* at 8.) Within the same time period, Defendant deposited $120,144 in the same personal checking account, which was derived from firearms sales. (*Id.* at 7–8.)

From March 2020 to September 2020, over one million dollars of alleged illegal funds were deposited in the same five bank accounts at Wells Fargo. (*Id.* at 8.) The acts from all twenty-two counts took place within the same time frame. It is also likely that the Government will use the same bank records, financial documents, and witness testimony in regard to Defendant's financial records for Counts 3, 20, 21, and 22. (Doc. 97 at 3.)

Thus, the indictment supports Rule 8 joinder.

II. **Rule 14**

Federal Rule of Criminal Procedure 14 provides relief for defendants where the

joinder of offenses "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). Courts have wide discretion in determining whether relief is necessary under Rule 14, and also possess wide discretion in determining the form the relief should take. *See Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) ("Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). In such an instance, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

It is the defendant's burden to establish that severance is necessary, and severance is only required where joinder is "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] the exercise of the court's discretion to sever." *United States v. Lopez*, 477 F.3d 1110, 1116–17 (9th Cir. 2007) (internal citation and quotation omitted). Therefore, the existence of some prejudice is not sufficient to require severance. Rather, severance is only necessary in those rare cases where a jury cannot "reasonably be expected to 'compartmentalize the evidence' so that evidence of one crime does not taint the jury's consideration of another crime." *United States v. Johnson*, 820 F.2d 1065, 1071 (9th Cir. 1987) (quoting *United States v. Douglass*, 780 F.2d 1472, 1479 (9th Cir.1986)).

Such prejudice is more likely to exist where the counts joined together are "similar in nature." *Id.* However, prejudice may be mitigated through the use of proper jury instructions. *Id.* (upholding a district court's decision not to sever counts where the court instructed the jury that "[e]ach count charges a separate crime. You must decide separately what the evidence in the case shows about the crime") (alteration in original). *Id.* Prejudice is also lessened where the joined charges are wholly separate incidents, and thus permit the jury to separate the charges from each other. *See United States v. Vasquez-Velasco*, 15 F.3d 833, 846 (9th Cir. 1994) (finding that even where the crimes committed were similar in nature, their joinder was not prejudicial because each charge occurred a week from the other, and "[a]s such, they were discrete acts that a jury could compartmentalize reasonably

easily").

Here, the Government "expects to produce . . . extensive bank records and financial documents [that] will be pertinent to" Counts 3, 20, 21, and 22. (Doc. 97 at 6.) The evidence is so interrelated "that the evidence as to the one cannot be intelligently severed from the evidence as to the other." *See United States v. Begun*, 446 F.2d 32, 33 (9th Cir. 1971). Separating the charges will result "in a duplicative presentation of evidence," *Lopez*, 477 F.3d at 1117, which disregards judicial economy. Moreover, the Court can give the jury limiting instructions to emphasize that each count charges a separate crime and that there needs to be sufficient evidence to prove each crime.

Hence, Defendant fails to establish that severance is appropriate.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Christopher Fiorentino's Motion to Sever Counts (Doc. 91) is **DENIED**.

Dated this 6th day of December, 2023.

_____
G. Murray Snow
Chief United States District Judge